FILED

2012 SEP 19  PM 3: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**Marguerite DeSelms**
**984 W 3ʳᵈ St**
**San Pedro, CA 90731**
**310-427-1008**
**Plaintiff In Pro Per**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGUERITE DESELMS<br>    Plaintiff<br>vs<br><br>CLIENT SERVICES, INC.<br>    Defendant | CASE NO.<br>2:12-cv-07600-DMG-AGR X<br><br>1ˢᵀ AMENDED<br>COMPLAINT FOR:<br>Action for Damages brought from<br>Defendant: violations of the<br>FTCPA, FDCPA, FCRA, AND<br>RFDCPA<br><br>JURY TRIAL DEMANDED |

## I.    JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C.

§227(b)(3), 15 U.S.C. §1692k(d), Rosenthal Fair Debt Collection Practices

Act (RFDCPA), and supplemental jurisdiction exists for the state law claims

pursuant to 28 U.S.C. §1367.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. §1391b.  Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here. This is an action for damages which total at least $12,500.

## III. PARTIES

3.   Plaintiff, Marguerite DeSelms, ("Plaintiff") is a natural person and is a resident of the State of California, Los Angeles County.  Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §1692a(3)

4.   Defendant, CLIENT SERVICES, INC. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).  Upon information and belief Defendant, CLIENT SERVICES, INC. ("Defendant") is a foreign corporation, authorized to do business in California, and located at 3451 Harry Truman Blvd, St Charles, MO 63301. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. STATEMENT OF FACTS

5.      Plaintiff, Marguerite DeSelms, individually, hereby sues, Defendant(s) CLIENT SERVICES, INC. , as an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii); for violations of Fair Debt Collection Practices Act under 15 USC, §1692 *et seq* (hereinafter "FDCPA"); for violations of Fair Credit Reporting Act (hereinafter "FCRA") under 15 U.S.C. §1681 *et seq.*; and for violations of Rosenthal Fair Debt Collection Practices Act §1788 (hereinafter "RFDCPA").

6.       Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

7.      From August 4, 2011 thru August 11, 2011, Defendant used automatic telephone dialing system on Plaintiff's cell phone, and dialing and hanging up.

    a. August 4, 2011, 8:50 a.m. caller id 866-415-1991, "Client Services"

    b. August 8, 2011, 12:31 p.m. caller id 866-415-1991, "Client Services"

c. August 9, 2011, 1:51 p.m. caller id  636-947-2321

d. August 10, 2011, 4:28 p.m.  caller id  866-415-1991, "Client Services"

e. August 11, 2011 8:51 a.m. caller id 866-415-1991, "Client Services"

8.     From August 4 thru August 11, 2011, Defendant called Plaintiff's cell phone

       five times with no prior permission given by Plaintiff.

9.     Plaintiff has retained written log of these calls.

10.     On March 31, 2011, May 10, 2010, and May 4, 2010 Defendant caused three

        nonpermissible credit pulls from the plaintiff's Experian credit file, without

        permission of the plaintiff.

11.  On May 5, 2010, May 12, 2010, and April 14, 2011, Defendant mailed to

     Plaintiff letters attempting to collect a nonexistent debt from the Plaintiff,

     violating FDCPA.

12.  Plaintiff  attempted to collect a nonexistent debt by continuously calling

     plaintiff  using false and misleading representation.


## V. CAUSES OF ACTION


## (FIRST CAUSE OF ACTION)

## (VIOLATIONS OF THE TELEPHONE  COMMUNICATIONS ACT

## 47 U.S.C. §227 )

<u>(As against Defendant(s) CLIENT SERVICES, INC.)</u>

13.   Plaintiff alleges and incorporates the information in paragraphs 1 through 12.

14.   Defendant  has demonstrated willful or knowing non-compliance with 47

   U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call

   the Plaintiff's number, which is assigned to a cellular telephone service.

15.   Defendant has committed 5 separate violations of 47 U.S.C. §227(b)(1)(A) and

   Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C.

   §227(b)(3)(B).

16.   Defendant has demonstrated willful or knowing non-compliance with 47

   U.S.C. §227(b)(1)(A) The last 5 calls are subject to treble damages pursuant

   to 47 U.S.C. §227(b)(3) as they were intentional.

17.   Defendant  has demonstrated willful or knowing non-compliance with 47

   U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a

   cellular telephone service. The Plaintiff has never given Defendant

   permission to call Plaintiff's cell phone. Plaintiff is entitled to damages of

   $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and

   Defendant do not have an established business relationship within the

   meaning of 47 U.S.C. §227.

1
2
3
4

(SECOND CAUSE OF ACTION)

5

(VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15

6
7

U.S.C. §1692 )

8

(As against Defendant(s) CLIENT SERVICES INC.)

9
10
11   18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

12   19. Defendant failed to identify themselves, violating §1692b(1).

13
14   20. Defendant called Plaintiff 5 times without permission of the Plaintiff, violating

15       §1692b(3).

16   21. Defendants  caused the phone to ring repeatedly, violating §1692d(5)

17
18   22. Defendants placed telephone calls and hanging up without disclosing their true

19       identity, violating §1692d(6.)

20
21   23.  Defendants engaged in false or misleading representations in communications

22       or means in connection with the debt collection, violating §1692e.

23   24. Defendants violated §1692e (10) by the use of any false representation or

24
25       deceptive means to collect or attempt to collect any debt or to obtain

26       information concerning a consumer.

27
28

25. Defendants violated §1692e(11) by failing to contain the mini-Miranda warning.

26. Defendants violated §1692e (14) by leaving a name other than the true name of the debt collector's business.

27. Defendants violated §1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

(THIRD CAUSE OF ACTION)

VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

(As against Defendant(s) CLIENT SERVICES, INC.)

28. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Defendants are a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

31. Defendants negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

Defendants negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.  three times:

a.   May 4, 2010, one pull from Experian.  (demand $1000 for this violation)

b.   May 10, 2010, one pull from Experian .  (demand $1000 for this violation)

c. March 31, 2011, one pull from Experian (demand $1000 for this violation)

Defendants violated Sec. 1681n(b), willful noncompliance,  by obtaining a report by using false pretenses and without permissible purpose, incurring $1000 in actual damages for each violation.

(FOURTH CAUSE OF ACTION)

VIOLATION OF Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA)

(As against Defendant(s) CLIENT SERVICES, INC.

32. Plaintiff alleges and incorporates the information in paragraphs 1 through 31.

33. Plaintiff is a consumer within the meaning that is defined by *Cal. Civ. Code § 1788.2(h )*

34. Defendants are debt collectors within the meaning of §1788.2(c)

35. Defendants violated §1788.11(b) by placing telephone calls and hanging up without disclosing the agency that they represent.

36. Defendants violated §1788.11(d) causing the telephone to ring repeatedly and continuously so as to annoy the Plaintiff.

37. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

38. Defendant violated *§1788.13(i)* by falsely representing the true nature of the business of the defendant by sending collection letters to Plaintiff that were vague and misleading.

39. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §1692 et seq.*

    i.  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    ii.  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

# VI. REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff requests :

40. judgment for damages against Defendant, for actual or statutory damages and punitive damages in the amount of $12,500, plus fees and costs, pursuant to 15 USC 1692k(2) and 15 U.S.C. §1681n (a) (3) and 1681n(b) and 15 U.S.C. §1681o (a); Telephone Consumer Collection Practices Act: 47 USC Sec. 227 (f) (1); the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b) and §1788.30 (c)*, and costs pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*; removal of unpermissible pulls in credit report, and any other relief that this Honorable Court deems appropriate.

# VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law

Respectfully submitted this ____19th____ of September, 2012.

Marguerite DeSelms
Plaintiff In Pro Per
984 W 3rd St
San Pedro, California 90731
310-427-1008
mdeselms@wt.net